WILLIS J. ZICK, Corporation Counsel Waukesha County
You request my opinion whether a replat of a part of a recorded subdivision must comply with the formal platting requirements of ch. 236, Stats., even though such replat does not result in a further "subdivision," as defined in sec. 236.02 (8), Stats.
In my opinion, your question must be answered in the affirmative.
Section 236.03 (1), Stats., provides as follows:
 "Any division of land which results in a subdivision as defined in s. 236.02 (8) (a) shall be, and any other division may be, surveyed and a plat thereof approved and recorded as required by this chapter. No map or survey purporting to create divisions of land or intending to clarify metes and bounds descriptions may be recorded except as provided by this chapter." (Emphasis added.)
The second sentence of sec. 236.03 (1), Stats., above quoted, was added to the statute by ch. 274, Laws of 1959. The statute was apparently amended to negate the effect of a prior opinion of this office, which had indicated that maps or surveys other than those complying with ch. 236, Stats., could be recorded. See 48 OAG 54 (1959).
Section 236.02 (13), Stats., defines replat as follows:
 "`Replat' is the process of changing, or the map or plat which changes, the boundaries of a recorded subdivision plat or part thereof. The legal dividing of a large block, lot or outlot within a recorded subdivision plat without changing exterior boundaries of said block, lot or outlot is not a replat." (Emphasis added.)
Section 236.36, Stats., provides as follows:
 "Except as provided in s. 70.27 (1), replat of all or any part of a recorded subdivision, if it alters areas dedicated to the public, may not be made or recorded except after proper court action, in the county in which the subdivision is located, has *Page 195 
been taken to vacate the original plat or the specific part thereof."
This latter section was interpreted in 58 OAG 145 (1969) to require application of the court proceedings set forth in secs.236.40 through 236.43, Stats., when a replat alters areas dedicated to the public. But, where public areas are not involved, the opinion was expressed that a recorded subdivision may be replatted without undertaking court proceedings, where the replat complies with the procedural and technical requirements of ch. 236, Stats., applicable to original plats. The opinion stated at p. 149:
 "However, although sec. 236.36, Stats., allows nonjudicial replat of land under certain circumstances, it does not follow that such replat requires any less formality or adherence to statutory standards than is required for original subdivision plats. On the contrary, if the purpose, integrity and effectiveness of the platting statutes, as well as each subdivision plat adopted pursuant thereto, is to be maintained, a replat under the authority contained in sec. 236.36, Stats., must comply in all respects with the provisions of ch. 236, Stats., relating to new subdivision plats, including those regulating the survey, approval and recording thereof."
I find no reason to recede from the opinion previously expressed in 58 OAG 145. While sec. 236.34, Stats., authorizes the preparation and filing of certified survey maps of not more than four parcels, that statute contains few approval and review requirements and is inappropriate for the purpose of replatting. A "replat" under ch. 236, Stats., is a making anew or remaking of a recorded subdivision plat or part thereof by the rearrangement of boundary lines. Little purpose would exist for the various reviews, approvals and other requirements imposed as a condition of final approval of a subdivision plat, if the boundaries of the subdivision could be thereafter immediately altered by a procedure which avoided the constraints imposed on original subdivisions.
RWW:JCM *Page 196