ALEXANDER HOPP, Corporation Counsel Sheboygan County
You request my opinion with respect to how the replat provisions of ch. 236, Stats., apply to division of lots within a recorded subdivision. Apparently, some confusion has arisen from statements made in earlier opinions, 63 Op. Att'y Gen. 193 (1974) and 64 Op. Att'y Gen. 810 (1975). *Page 122 
The problem concerns the sale of part of a lot within a subdivision platted pursuant to ch. 236. AS I understand your question, it is in effect this: When such a sale creates or contributes to a new lot or lots with boundaries that do not correspond to the subdivision's platted lot lines, is a "replat" as defined by sec. 236.02 (13), Stats., required? I assume that the newly created lot or lots fulfill all other requirements provided by statute or ordinance (minimum lot size, etc.) and that the transaction is not prohibited by any restriction attached to the land by private covenant.
My conclusion is that ch. 236 does not require a replat when the division of a lot or the redivision of more than one lot does not result in "subdivision" as defined by sec. 236.02 (8)(a), Stats.:
 "(8) `Subdivision' is a division of a lot, parcel or tract of land by the owner thereof or his agent for the purpose of sale or of building development, where:
 "(a) The act of division creates 5 or more parcels or building sites of 1 1/2 acres each or less in area . . . ."
But, the chapter does enable a municipality, town or other local authority to enact ordinances with platting requirements more stringent than those provided by statute. Therefore, in any particular situation, whether a plat or replat is in fact required, largely depends on local ordinances controlling land use.
Much of the confusion regarding platting requirements undoubtedly stems from the use of the word "replat" in the chapter. Section 236.02 (13), Stats., states:
 "`Replat' is the process of changing, or the map or plat which changes, the boundaries of a recorded subdivision plat or part thereof. The legal dividing of a large block, lot or outlot within a recorded subdivision plat without changing exterior boundaries of said block, lot or outlot is no; a replat."
This section is purely definitional. It states what a "replat" is, but in itself does not state when a "replat" is required.
The only other section in the chapter using the word "replat," sec. 236.36, Stats., merely places a requirement of court action on certain types of replatting. It, too, fails to indicate when replatting is required. *Page 123 
 "Except as provided in s. 70.27 (1), replat of all or any part of a recorded subdivision, if it alters areas dedicated to the public, may not be made or recorded except after proper court action, in the county in which the subdivision is located, has been taken to vacate the original plat or the specific part thereof."
Although it appears that no section in ch. 236 specifically states when a "replat" shall be required, since a "replat" is by definition a kind of plat, it is required in any situation where a plat generally is required. The only section in the chapter which makes a plat a statutory requirement is sec. 236.03 (1), which states:
 "Any division of land which results in a subdivision as defined in s. 236.02 (8) (a) shall be, and any other division may be, surveyed and a plat thereof approved and recorded as required by this chapter. No map or survey purporting to create divisions of land or intending to clarify metes and bounds descriptions may be recorded except as provided by this chapter."
Thus, the statutory requirement for a "replat" applies only to "subdivision" under sec. 236.02 (8)(a), Stats., a division for the purpose of sale or of building development which "creates 5 or more parcels or building sites of 1 1/2 acres each or less in area." While this chapter does not require a plat for other types of division, a governmental body may be empowered to enact such a requirement under sec. 236.45 (2), Stats.
That a plat generally is required before this type of land division will be permitted squares with the purpose of the chapter as declared in sec. 236.01, Stats., "to regulate the subdivision of land." Here the advantage of the plat is that it provides an easy means for the various local governmental bodies and state agencies to review the developer's often complex scheme to determine whether or not the plan complies with applicable ordinances and regulations. The precise layout requirements of the chapter insure that the plat will be an accurate basis for these determinations.
It certainly would be possible for the governmental bodies and state agencies to review any subdivider's scheme without the use of a plat, but in the case of a large and complex subdivision this would involve working with cumbersome descriptions and admit a high *Page 124 
probability of error. The Legislature in defining "subdivision" has in effect arbitrarily determined the point at which descriptions would so increase the likelihood of irregular development and error as to make a plat necessary. The Legislature has left it largely to the discretion of the reviewing authority whether or not in other types of land division plats are needed to gauge or promote compliance with land use restrictions.
While the "replat" requirement is limited to instances of "subdivision," a broader question remains whether ch. 236 contains any other restrictions against land transactions resulting in parcels departing from a subdivision's platted lot lines. I have concluded that it does not.
One could argue that permitting such division is inconsistent with a policy underlying ch. 236. Section 236.01, Stats., states that one of the purposes of the regulation of subdivision of land is "to promote proper monumenting of land subdivided and conveyancing by accurate legal description." Toward this policy sec. 236.28, Stats., requires that all lots in a subdivision plat "be described by the name of the plat and the lot and block in the plat."
But there is no reason to assume that a parcel with boundaries which do not trace lines drawn on the subdivision plat could not be identified by plat, lot and block. This same section foresees the eventuality of a kind of alternate description. In one instance:
 ". . . Any conveyance containing such a description shall be construed to convey to the grantee all portions of vacated streets and alleys abutting such lots and belonging to the grantor unless the grantor by appropriate language indicates an intention to reserve or except them from the conveyance."
It is possible to describe land as a specific portion of a platted parcel or parcels.
The statute placing additional restrictions on the conveyance of land within cities of the first class, sec. 236.33, is another indication that the Legislature did not intend to restrict land sales in subdivisions to parcels with platted boundaries. It states in part:
 ". . . This section shall not prohibit the dividing or subdividing of any lot or parcel of land in any such city where the divided or subdivided parts thereof which become joined in ownership with *Page 125 
any other lot or parcel of land comply with the requirements of this section, if the remaining portion of such lot or parcel so divided or subdivided complies. . . ."
While a plat is required when this sort of transaction results in "subdivision," under the general provision of sec. 236.03 (1), here there is no additional statutory plat requirement when such parcel rearrangements do not result in "subdivision." When land sales in city subdivisions do not result in "subdivision," a plat is only needed if the local authority requires one pursuant to sec. 236.45 (2).
If the ordinances of the local authority establish no requirements more stringent than those found in ch. 236, the subdivider or individual lot owner is at liberty to split and regroup lots as long as the result is no new subdivision as defined in sec. 236.02 (8) and as long as the resulting lots conform to the basic requirements of ch. 236, as set forth in sec. 236.16 and sec. 236.33.
But governmental bodies may be authorized to impose additional regulations on land transactions under sec. 236.45 (2). Should the local authority, through an ordinance requiring strict conformance to a so-called master plan for the area, the subdivider or lot owner desiring to deviate from the approved plat may be prohibited from doing so or may be required to go through a procedure such as replatting.
To the extent that earlier opinions of the Attorney General conflict with this one, they are hereby modified.
BCL:JEA